No. 5800.

SUCCESSION OF WILLIAM M. SMITH.

In this court the widow claims in brief and argument the recognition of her community rights. This claim was not set up in the court below, and parties can not go beyond their pleadings.

APPEAL from the Second District Court, parish of Orleans. *Tissot*, J. *McGloin & Nixon*, for M. McCue, tutor and appellee. *Andrew J. Murphy*, for James and Matthew Reilly, appellants. *Hornor & Benedict*, for administratrix and appellant.

TALIAFERRO, J. The decedent was twice married. By his first wife he left three children. The second marriage was without issue. The widow of deceased qualified as administratrix, made various sales, and filed her account. She placed herself down as being in necessitous circumstances and entitled to the homestead of one thousand dollars.

McCue, appointed tutor to the minor heirs, Smith's children by his first wife, opposed this claim of the widow for homestead right. He also opposed the claims of the widow's sons by her first marriage, Matthew and James Reilly. He also filed oppositions to the claims of the attorney and auctioneer of the estate. Several other oppositions were filed ; one by Hirsch, another by Loeb, a third by J. G. Gibbons & Co., and a fourth by James Gernon. These oppositions were sustained. The opposition of McCue, tutor, was sustained in so far only as to the rejection of the

widow's homestead claim of one thousand dollars, James Reilly's claim for $611 for wages, and Matthew Reilly's claim of $308. The attorney's fees reduced from five hundred dollars to three hundred dollars, the auctioneer's fees reduced from $220 to $144 50. In other respects the opposition of McCue, tutor, was dismissed. The account as thus adjusted was confirmed and homologated. From the judgment of homologation the administratrix and the Reilly brothers have appealed. The counsel of the tutor, McCue, asks the court to correct an inadvertence of the court below in neglecting to recognize the minors Smith as heirs of the deceased and according to them the residuum of the estate as prayed for in the opposition of the tutor.

We think that the judgment was rendered correctly, except as to the demand for recognition. It was shown that the succession was not an insolvent one and that the widow was not left in necessitous circumstances to entitle her to the thousand-dollar-homestead provision. The estate, it seems, was worth $1484 36 over all debts. In this court the widow claims in brief and argument the recognition of her commuity rights. This claim was not set up in the court below, and parties can not go beyond their pleadings.

The claims of the Reillys for services seem not well founded. One of them, from his own statements under oath, attained his majority only a few days before the death of Smith, and the other is yet a minor. The services of these sons of Mrs. Smith she was entitled to during their minority. The services were no doubt rendered without the expectation of wages. It is shown that the treatment of Smith toward his step-children was kind and liberal, acting toward them as to his own. They all lived with him as members of his family. He paid for the schooling and clothing for all. He gave them spending money from time to time, Matthew receiving the amount of one hundred and eighty dollars from his step-father during the year in which he died. It seems from the record that Matthew Reilly, the minor, was not, at the time of the trial of the oppositions to the account, represented by a tutor, and it was properly decided by the lower court that he had no standing in court to urge a claim against the succession. He labored under the same disability when his attorney took the appeal for him. The appeal, therefore, must be disregarded.

It is ordered that the judgment of the lower court be amended by recognizing the minors, Julia Smith, Mary Smith, and Lizzie Smith, as the sole heirs of William M. Smith, deceased, which is hereby ordered, and it is further ordered that the residuum of the succession of their father after final settlement be paid over to them, and as thus amended it is ordered that the judgment of the lower court be affirmed with costs.

ON APPLICATION FOR A REHEARING.

HOWELL, J. Counsel for the administratrix complain that our judg-ment gives the whole of the community property to the heirs of the deceased. This an error. The decree only gives "the residuum of the succession of their father after final settlement," which, of course, consists of his separate estate, if any, and one half of the community, after the payment of community debts.

As to the demand for recognition, it was practically granted by the lower judge, and we can see no injury resulting from the action taken.

Rehearing refused.